**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRIAN LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-541-BAJ-DLD** |
| **MICHAEL GODAWA, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a motion to dismiss, strike, remove, and refuse notice of removal filed by Brian Lewis and Diana Lewis (rec. doc. 3). This motion is opposed and has been referred to the undersigned for a report and recommendation (rec. docs. 4 and 5). The issues before the court are whether the notice of removal was timely filed and whether the state court petition raises a federal question.[1]

### Discussion

On June 30, 2011, plaintiffs Brian Lewis, Diana Lewis, and Stephen Robinson filed a petition in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging civil rights violations against Corporal Michael Godawa, Corporal Lonny Miller, Baton Rouge Police Department, East Baton Rouge Parish Prison, and East Baton Rouge Sheriff Department (rec. doc. 1-2).[2] The allegations in the petition are difficult to decipher,

---

[1] The only issued raised in the motion to remand is whether the notice of removal was timely filed. The court sua sponte reviews whether the state court petition raises a federal question.

[2] The state court petition is captioned "Brian Lewis v. Baton Rouge Police Department, East Baton Rouge Sheriff Department, Col. M. Godawa; Officer Lonny Miller, East Baton Rouge Parish Prison" and signed by Brian Lewis (rec. doc. 1-2). The petition alleges that defendants violated the civil rights of Brian Lewis, Diana Lewis, and Stephen Robinson. Additionally, Diana Lewis filed an amended petition on July 11, 2011, and adopted the allegations in the original petition (rec. doc. 1-2). Although it is unclear at this time, it appears that Brian Lewis, Diana Lewis, and Stephen Robinson are all plaintiffs to this matter.

but it appears that plaintiffs are alleging that defendants violated their civil rights by wrongfully arresting Stephen Robinson, making false statements/errors on the police report, searching the apartment without a warrant, and having an attitude that caused mental stress. Id.

Defendants Corporal Michael Godawa, Corporal Lonny Miller, and East Baton Rouge Parish Sheriff Sid Gautreaux removed this matter alleging federal question jurisdiction. See 28 U.S.C. §1331. Defendants contend that the allegations in the petition that defendants violated plaintiffs' civil rights constitute a federal claim under 42 U.S.C. §1983. Plaintiffs Brian Lewis and Diana Lewis thereafter filed a motion to dismiss, strike, remove, refuse the notice of removal filed by defendants, which will be considered as a motion to remand this matter to state court. Plaintiffs argue that the notice of removal is untimely and requests that this matter be remanded to state court.[3] Defendants oppose the motion to remand by arguing that this matter was timely removed within 30 days of the date the first defendant was served with a copy of the state court petition. The court considers whether the notice of removal was timely filed, which was raised in the motion to remand. The court also *sua sponte* considers whether plaintiffs' petition raises a federal question in order to determine whether this court has subject matter jurisdiction over this removed action.

---

[3] Plaintiffs' motion also requests that Civil Action 11-282-JJB-SCR entitled "Lewis, et al. v. Baton Rouge Police Department, East Baton Rouge Sheriff Department, M. Godawa, Lonny Miller, East Baton rouge, Parish Prison," which complaint is based on the same set of facts, be dismissed because there has been no ruling on plaintiff's motion to proceed in forma pauperis. On August 18, 2011, the court issued an order in CA 11-282-JJB-DLD denying plaintiffs' motion to proceed in forma pauperis and dismissing their case as frivolous. Thus, plaintiffs' request is moot.

*Timliness*

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The failure to comply with the procedural requirements of Sections 1441 and 1446 may result in remand if the procedural defects are timely raised by the party opposing removal. *Fontenot v. Johnson & Johnson*, 2010 WL 2541187 (W.D. La. 2010), citing *Albarado v. Southern Pacific Transp. Co.*, 199 F.3d 762, 765-66 (5th Cir. 1999); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991); 28 U.S.C. §1447 (c). A party may remove a case within 30 days of receipt of the initial pleading or, if the initial pleading is not removable, within 30 days of receipt of an amended pleading, motion, order, or other paper from which it is ascertained that the case has become removable. See 28 U.S.C. §1446(b). When multiple defendants are named, the 30-day time period for removal runs from the time the first defendant is served. *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 1262 (5th Cir.1988).

Defendants represent that they were served on the following dates: "Baton Rouge Police Department," July 14, 2011; Officer Lonny Miller, July 19, 2011; "East Baton Rouge Parish Sheriff Department" and "East Baton Rouge Parish Prison," July 20, 2011[4]; Officer Michael Godawa, July 27, 2011 (rec. docs. 4 and 5). Defendants filed their notice of removal on August 10, 2011, which was within 30 days of the date the first-served

---

[4] Defendants represent that "East Baton Rouge Parish Sheriff Department" and "East Baton Rouge Parish Prison" are not entities with the legal capacity to be sued (rec. doc. 5).

defendant - Baton Rouge Police Department - was served (rec. doc. 1). Thus, defendants' notice of removal was timely filed.

*Federal Question Jurisdiction*

Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Whether a case is removable upon the basis of federal question jurisdiction is to be determined by the allegations of plaintiff's "well-pleaded complaint" as of the time of removal. *See,e.g.,Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001); *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Plaintiff is the master of his complaint. *Id.* Accordingly, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts,* 53 F.3d at 693. Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim. Id.

Plaintiffs' petition claims that defendants violated their "civil rights" by wrongfully arresting Stephen Robinson, searching the apartment with a warrant, making errors on the police report, and having a bad attitude. The petition does not contain a reference to a specific state or federal law. Despite defendants' assertions, the petition does not

reference the United States Constitution, Title VII of the Civil Rights Act, or 42 U.S.C. §1983.  Furthermore, defendants, who have the burden of proving federal question jurisdiction, have failed to explain which facts alleged in the petition support their conclusion that plaintiff has alleged a violation of Title VII of the Civil Rights Act of 1964.

Plaintiffs' reference to "civil rights" could constitute a claim under state law or federal law; therefore, the court is left with a petition that is ambiguous as to what cause of action plaintiffs are bringing and on which laws plaintiffs' claims are based.  The Fifth Circuit has held that ambiguities are construed against removal because the removal statue is strictly construed in favor of remand. *Lorenz v. Texas Workforce Commission,* 2006 WL 3102581 (5th Cir. 2006) citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Although the notice of removal was timely filed, the petition does not specifically identify a federal claim and is, at best, ambiguous as to which set of laws, state or federal, plaintiffs use as a basis for their claims. Thus, removal based on federal question jurisdiction is not proper, and this matter should be remanded. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to dismiss, strike, remove, refuse notice of removal (rec. doc. 3) should be **GRANTED** and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 29, 2011.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRIAN LEWIS**                     **CIVIL ACTION**

**VERSUS**                          **NUMBER 11-541-BAJ-DLD**

**MICHAEL GODAWA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 29, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**